Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Robert E. Morelli, III (Tenn. BPR No. 037004)
*Pro Hac Vice Application Forthcoming*
**SCHNEIDER WALLACE**
 **COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

*Attorneys for Plaintiff and the putative Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HERNANDEZ, on behalf of himself and the putative Collective and Class Members,<br><br>       Plaintiff,<br><br>   vs.<br><br>BACKYARD PRODUCTS LLC,<br><br>       Defendants, | Case No.  5:24-cv-05963<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) FAIR LABOR STANDARDS ACT;**<br>**(2) CALIFORNIA LABOR CODE; and**<br>**(3) CALIFORNIA BUSINESS AND PROFESSIONS CODE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Victor Hernandez, on behalf of himself and all other similarly situated ("Plaintiffs"), by and through his attorneys, brings this lawsuit against Backyard Products LLC ("Backyard Products" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"); the applicable California Labor Code provisions; the applicable Industrial Welfare Commission ("IWC") Wage Order; and the Unfair Business Practices Act, California Business and Professions Code §§ 17200, et seq. ("UCL"). Plaintiffs complain and alleges as follows:

## INTRODUCTION

1.    This is a class and collective action lawsuit against Backyard Products LLC to challenge, among other things, its policy and practice of unlawfully misclassifying their Installers as independent contractors exempt from the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and California wage and hour laws.

2.    This is a collective and class action arising out of Defendant's misclassification of their Installers as "independent contractors" instead of "employees."  Defendant operates a woodshed manufacturing and delivery service. Throughout the proposed collective and class period, Defendant employed hundreds of Installers throughout the United States.  Under Supreme Court authority, Defendant is the legal employer of the Installers they hire to provide this service to their customers.  By misclassifying the Installers as independent contractors, Defendant evades its obligation to pay these Installers the full wages and employment benefits they are due under applicable law.  Defendant also unlawfully sidesteps payroll and other taxes that are the responsibility of an employer, depriving government coffers of needed revenue and harming the public.

3.    Defendant's misclassification scheme has resulted in substandard, exploitative working conditions. Defendant relies on the "independent contractor" label to avoid paying overtime, avoid reimbursing work-related expenses incurred by their workers, and avoid providing an opportunity for Installers to take time during their long workdays to take off duty meal and rest periods.   Defendant also uses the independent contractor designation to unlawfully and unfairly off-load their own business costs and risks onto the workers.  The workers, in turn, often do not

1  have the resources to absorb these kinds of costs and risks without incurring significant and even

2  debilitating debt.

3       4.    In 2018, the California Supreme Court adopted the "ABC" test for determining

4  whether workers like Mr. Hernandez and the other Installers in this case are employees or

5  independent contractors as a matter of law. *Dynamex Operations W. v. Superior Court* (2018) 4 Cal.

6  5th 903, 964. That case addressed a similar misclassification issue as in this action.

7       5.    Dynamex held that "unless the hiring entity establishes (A) that the worker is free

8  from the control and direction of the hiring entity in connection with the performance of the work,

9  both under contract for the performance of the work and in fact, (B) that the worker performs work

10  that is outside the usual course of the hiring entity's business, and (C) that the worker is customarily

11  engaged in an independently established trade, occupation, or business, the worker should be

12  considered an employee and the hiring business an employer... The hiring entity's failure to prove

13  any one of these three prerequisites will be sufficient in itself to establish that the worker is an

14  included employee, rather than an excluded independent contractor..." As explained herein,

15  Defendant cannot establish even one of these three elements, much less all three:

16       6.    Defendant's unlawful misclassification scheme results in systematic violations of the

17  FLSA and California's wage and hour laws, including:

18       a.   <u>Failure to pay overtime</u>. Defendant routinely requires and/or suffer and permit

19            the Plaintiffs, Collective and Class Members to work well in excess of 8 hours

20            per day and 40 hours per week, without paying them for such hours at the

21            statutorily mandated overtime premium rate of time-and-a-half required under

22            FLSA and/or the California Labor Code. For instance, Plaintiffs worked

23            approximately 10 to 11-hours per day up to five (5) days per week, without being

24            paid any overtime or double time premium.

25       b.   <u>Failing to reimburse the Class Members for Defendant's own business expenses</u>

26            <u>that they are required to pay for out of their own pockets:</u>  Defendant requires

27            Plaintiffs and putative Class Members to pay out of pocket for various items that

28            are essential to Defendant's business, without reimbursing the Class Members

for these costs. For instance, the Plaintiffs and putative Class Members must pay out of their own pocket for the substantial cost of fuel, tools required to build sheds, and the use of their personal cell phones - crucial components of Defendant's operation. Other costly out-of-pocket expenses include car repairs and maintenance.

c. <u>Failing to authorize, permit and/or make available meal and rest periods to Plaintiffs and the Class Members as required by California law.</u> To be compliant, meal and rest periods cannot be subject to interruption and must be completely duty-free. Furthermore, meal periods must be provided within the first five hours of work, and again before the end of the tenth hour of work; and rest periods must be authorized and permitted by the end of every fourth hour of work or major fraction thereof. Defendant does not provide meal periods or authorize and permit rest periods that are truly duty-free, not subject to interruption, and/or timely. Moreover, Defendant has required Plaintiffs and putative Class Members to perform numerous assigned deliveries per day according to time windows, strict schedules and other restrictions that routinely preclude Class Members from taking timely meal and rest periods. Even when the Plaintiffs and putative Class Members are able to steal away some kind of "break," it is subject to interruption from Defendant. For example, Mr. Hernandez must eat and/or rest while driving his vehicle to its next destination. The tight scheduled delivery and building windows precluded him from stopping to rest at regular intervals to take compliant meal and rest breaks. During this whole time, any "breaks" were subject to interruption by work-related calls from Defendant.

7.      Defendant has relied entirely on the "independent contractor" label to deny Plaintiffs, Collective, and the Class these basic protections guaranteed by the FLSA and California Labor Code.

8.      Plaintiffs seek full compensation on behalf of himself and putative Collective and Class Members for all unpaid wages, unpaid overtime, noncompliant meal and rest periods, waiting

1  time penalties, and premium pay.  Plaintiffs also seek declaratory and injunctive relief, including

2  restitution.  Finally, Plaintiffs seek reasonable attorneys' fees and costs under the FLSA, and

3  California laws.  Plaintiffs seek damages in an amount that exceeds $75,000.00.

4  **<u>PARTIES</u>**

5      9.    Plaintiff Victor Hernandez is an individual over the age of eighteen, and at all times

6  mentioned in this Complaint was a resident of the State of California.

7      10.    Plaintiff Victor Hernandez was employed by the Defendant as a Shed Builder from

8  approximately February 2024 to July 2024. Plaintiff worked for the Defendant in Cupertino,

9  California.

10      11.    Plaintiffs are informed, believe, and thereon allege that Backyard Products LLC is a

11  Delaware corporation headquartered in Ann Arbor, Michigan. Backyard Products is registered to

12  do business in California, does business in California and employs and/or employed hourly, non-

13  exempt employees, including Plaintiff, Collective and Class Members. Backyard Products may be

14  served with process by serving its registered agent in California, CSC Lawyers Incorporating

15  Service, 2710 Gateway Oaks Drive, Sacramento, California 95833.

16      12.    Plaintiffs are informed, believe, and thereon allege that Defendant employs and/or

17  employed Plaintiffs, Collective and Class Members because Defendant, directly or indirectly,

18  control the employment terms, including pay practices of Plaintiffs, Collective, and Class Members.

19      13.    Plaintiffs are informed, believe, and thereon allege that each and every one of the acts

20  and omissions alleged herein were performed by, and/or attributable to, Defendant, acting through

21  its agents and/or employees, and/or under the direction and control of each of the other, and that

22  said acts and failures to act were within the course and scope of said agency, employment, and/or

23  direction and control.

24      14.    Plaintiffs are informed, believe, and thereon allege that Defendant directly controls

25  the operations of their agents, managers, and employees throughout all of their job sites across the

26  United States.

27      15.    Plaintiffs are informed, believe, and thereon allege, that Defendant in some manners

28  intentionally, negligently, or otherwise are responsible for the acts, omissions, occurrences, and

transactions alleged herein.

16.     At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

17.     At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

18.     Plaintiffs, Collective, and Class Members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

19.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20.     Defendant acts as employers of Plaintiffs, Collective, and Class Members because Defendant, directly or indirectly, controls the employment terms, pay practices, timekeeping practices, and daily work of Plaintiffs and similarly situated employees.

21.     Here, Defendant has, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

22.     In addition to Plaintiffs, Defendant has employed numerous other employees, who like Plaintiffs, are engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since they provide goods and services across the country and conduct business deals with businesses across state lines.

23.     At all material times, Plaintiffs, Collective, and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## **JURISDICTION AND VENUE**

24.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

25.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times

Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of California judicial district.

## FACTUAL ALLEGATIONS

26.     Backyard Products LLC specializes in woodshed manufacturing, is a part of the home improvement and outdoor structures industry, and is headquartered in Ann Arbor, Michigan.

27.     Plaintiff Victor Hernandez worked for Backyard Products as an Installer (Shed Builder) in Cupertino, California. Plaintiff worked from approximately February 2024 to July 2024.

28.     Defendant retains the right to exercise extensive control over the way Installers perform their duties and job orders. To begin with, Defendant retains the right to terminate the Plaintiffs, Collective, and Class Members with or without cause, just like an at-will employee.

29.     Defendant reserves the right to control the nature of the work performed by Plaintiffs, Collective and Class Members and to impose requirements of the particular customer. Defendant controls access to jobs through a proprietary mobile application that transmits specific directives regarding delivery times, product to be delivered, customer obligations, among other customer specifications, based on contracts negotiated between Defendant and their customers.  Defendant also provides Plaintiffs, Collective, and Class Members with the necessary materials and instructions to install its products, which cannot be deviated from. The Plaintiffs, Collective and Class Members do not negotiate directly with Defendant's customers, participate in negotiations between Defendant and its customers, and are not a party to the contracts between Defendant and its customers.

30.     Defendant assigns the Plaintiffs, Collective and Class Members deliveries and reserves the right to control the number and nature of the deliveries they assign. Defendant requires the Plaintiffs, Collective and Class Members to complete their deliveries on the day of the assignment and expect that Plaintiffs, Collective and Class Members will follow the instructions provided by Backyard Products management.

31.     The Plaintiffs and putative Class Members make deliveries to the locations of Defendant's customers, an integral part of Defendant's business. No specialized skills are required for the job.

32.    Defendant even puts Plaintiffs, Class, and Collective members through a paid training program when they are hired in order to train them how to build sheds to Defendant's requirements.

33.    Defendant has a uniform practice of requiring Plaintiffs, Collective and Class Members to sign standardized contracts labeling them as so-called "independent contractors" in order to work for Defendant. The Plaintiffs, Collective and Class Members are predominantly individual laborers who do not have truly independent businesses. Collective and Class Members work directly for Defendant and remain dependent on Defendant as a matter of economic reality. Plaintiffs, Collective and Class Members generally do not market their services, but rather rely on Defendant for all the customers and assignments. The Plaintiffs, Collective and Class Members are predominantly individual laborers who do not have truly independent businesses.

34.    Although Defendant purports to allow Plaintiffs, Collective and Class Members to hire other persons to provide help, the vast majority of Collective and Class Members work alone. For instance, Plaintiff Victor Hernandez worked for Defendant by himself, without hiring any other individual over the course of his tenure with the company.

35.    For these reasons, Defendant's "independent contractor" designation is merely a label designed to evade the obligations of an employer, not a reflection that the Plaintiffs, Collective and Class Members are customarily engaged in an independently established trade. *Dynamex*, Cal. 5th at 962 ("A company that labels as independent contractors a class of workers who are not engaged in an independently established business in order to enable the company to obtain the economic advantages that flow from avoiding the financial obligations that a wage order imposes on employers unquestionably violates the fundamental purposes of the wage order. The fact that a company has not prohibited or prevented a worker from engaging in such a business is not sufficient to establish that the worker has independently made the decision to go into business for himself or herself.").

36.    These same facts caused Defendant to misclassify Plaintiffs and putative Collective Members are independent contractors under the FLSA because Defendant exercised a significant degree of control over them; (2) they have little financial investment in their employment with Defendant; (3) their only opportunities for profit or loss are the wages paid to them by Defendant;

7

1    (4) no special skills or independent initiative is required; (5) many putative Collective Members

2    work long term with Defendant; and (6)  the job they perform – shed installation – is Defendant's

3    primary business purpose.

4        37.    Defendant's unlawful misclassification scheme results in systematic violations of the

5    FLSA and California's wage and hour laws, including:

6        a.    <u>Failure to pay overtime</u>. Defendant routinely requires and/or suffer and permit

7            the Plaintiffs, Collective and Class Members to work well in excess of 8 hours

8            per day and 40 hours per week, without paying them for such hours at the

9            statutorily mandated overtime premium rate of time-and-a-half required under

10           FLSA and/or the California Labor Code. For instance, Plaintiffs worked

11           approximately 10 to 11-hours per day up to five (5) days per week, without being

12           paid any overtime or double time premium.

13       b.    <u>Failing to reimburse the Class Members for Defendant's own business expenses</u>

14           <u>that they are required to pay for out of their own pockets:</u>  Defendant requires

15           Plaintiffs and putative Class Members to pay out of pocket for various items that

16           are essential to Defendant's business, without reimbursing the Class Members

17           for these costs. For instance, the Plaintiffs and putative Class Members must pay

18           out of their own pocket for the substantial cost of fuel, tools required to build

19           sheds, and the use of their personal cell phones - crucial components of

20           Defendant's operation. Other costly out-of-pocket expenses include car repairs

21           and maintenance.

22       c.    <u>Failing to authorize, permit and/or make available meal and rest periods to</u>

23           <u>Plaintiffs and the Class Members as required by California law.</u> To be compliant,

24           meal and rest periods cannot be subject to interruption and must be completely

25           duty-free. Furthermore, meal periods must be provided within the first five hours

26           of work, and again before the end of the tenth hour of work; and rest periods must

27           be authorized and permitted by the end of every fourth hour of work or major

28           fraction thereof. Defendant does not provide meal periods or authorize and permit

rest periods that are truly duty-free, not subject to interruption, and/or timely. Moreover, Defendant has required Plaintiffs and putative Class Members to perform numerous assigned deliveries per day according to time windows, strict schedules and other restrictions that routinely preclude Class Members from taking timely meal and rest periods. Even when the Plaintiffs and putative Class Members are able to steal away some kind of "break," it is subject to interruption from Defendant. For example, Mr. Hernandez must eat and/or rest while driving his vehicle to its next destination. The tight scheduled delivery and building windows precluded him from stopping to rest at regular intervals to take compliant meal and rest breaks. During this whole time, any "breaks" were subject to interruption by work-related calls from Defendant.

38. The Collective and Class Members generally do not market their services, but rather rely on Defendant for all the customers and vehicle deliveries. Plaintiffs do not own any independent business or market services.

39. Defendant also retains the right to control the Plaintiffs, Collective and Class Members deadlines, what customers they serve, how they communicate with management, and how they communicate with third parties.

40. Plaintiffs, Collective and Class Members are no different than at-will employees because Defendant has the right to terminate them without cause. This too hangs over the Collective and Class Members heads, working to ensure that they fall in line with Defendant's requirements.

41. The Plaintiffs, Collective and Class Members job of making deliveries and building woodsheds to the locations of Defendant's customers is an integral part of Defendant's business. No specialized skills are required for the job.

42. As a general matter, Defendant obtains the customers for the deliveries, set the rate that the customers will be charged, notifies the Plaintiffs, Collective and Class Members of where to deliver the products, what product to deliver, and how to build the product.

43. Defendant's business could not function without its labor force of Plaintiffs, Collective and Class Members. The Plaintiffs, Collective and Class Members' work of making

deliveries and building products is firmly within the usual course of Defendant's business.

44.    Mr. Hernandez's work was dependent on Defendant's assignments.  For example, Mr. Hernandez might be assigned to a delivery which could take approximately 10 to 12 hours to complete alone, which would take him into late hours of the day.

45.    Plaintiffs, Collective and Class Members routinely work long days well in excess of 8 hours just to finish their day's assigned deliveries, and routinely work more than 5 days and more than 40 hours per week. Yet, because they are misclassified as independent contractors, they are not paid any premiums for overtime.

46.    Defendant's policy and practice of requiring Plaintiffs, Collective and Class Members to remain on call during their off-duty meal periods result in additional unpaid minimum wage under California law and overtime under the FLSA and California law. This time spent working through meal periods goes unrecorded and uncompensated, even though it should be compensated at minimum wage and/or overtime rates under FLSA and California law.

47.    Further, as California piece rate workers, Plaintiffs and putative Class Members are entitled to compensation for rest and recovery periods and other non-productive time separate and apart from the piece rate. Defendant does not pay Plaintiffs and putative Class Members for time spent on call and/or working through meal periods, or for time spent during rest periods.  As a result, the Installers are denied compensation for rest and recovery periods and other nonproductive time, in violation of applicable law.

48.    Defendant fails to provide the Plaintiffs and putative Class Members an opportunity to take off-duty meal periods of at least 30 minutes by each 5-hour segment of work.  The delivery schedules Defendant assigns to Plaintiffs and putative Class Members routinely does not permit an opportunity to take these off-duty meal periods, because they require Plaintiffs and putative Class Members to meet time windows that do not build in sufficient time for off-duty meal periods by the end of the fifth hour of work and again by the end of the tenth hour of work. Nor do Defendant's delivery assignments provide designated windows of time in which Class Members may take meal breaks.

48.    In addition, Defendant simply has no policy in place to provide Plaintiffs and putative

Class Members with off-duty meal periods.

49.    As a result of these policies, the Plaintiffs and putative Class Members rarely have 30 minutes completely relieved of duty, much less an opportunity to take truly off-duty meal periods of at least 30 minutes by the fifth and tenth hours of work.  Instead, they typically eat quickly and continue working or forgo a full 30-minute break altogether in order to ensure their products are delivered and built within the time allotted.

49.    Defendant also fails to authorize or permit off duty, paid rest periods of at least 10 minutes of rest time for every 4 hours of work or major fraction thereof.  As with the failure to provide meal periods, Defendant's strict time windows and work expectations, as well as the need to remain on-call and vigilant routinely do not permit the Plaintiffs and putative Class Members an opportunity to stop and rest, while off-duty, for 10 minutes during each 4-hour work period or major fraction thereof.

50.    Moreover, Defendant has no policy of authorizing or permit rest periods of any kind, much less off-duty rest periods for every 4-hour work period or major fraction thereof, or paid rest periods, as the law requires.

51.    Plaintiffs and putative Class Members also remain on call during these periods, so any moment of rest or downtime is subject to interruption.  There are not off-duty breaks.

52.    Additionally, Defendant's piece rate compensation system does not include any separate compensation for rest periods, even assuming they were authorized and permitted.

53.    As a result of misclassifying Plaintiffs and putative Class Members as independent contractors, Defendant passed on many costs of running their business to Plaintiffs and putative Class Members, who must cover Defendant's own business costs out of their own pockets. These costs include but are not necessarily limited to: (1) fuel in connection with their operation of the vehicles used to perform the deliveries; (2) the use of tools necessary to build Defendant's products; and (3) use of a cell phone to access Defendant's proprietary mobile application required for delivery assignments, and to allow Defendant and its customers to communicate with the Plaintiffs and putative Class Members, among other costs.

54.    Defendant also fails to maintain documentation of the actual hours worked each day

by Plaintiffs and putative Class Members, all wages and piece rate units earned, and meal periods received.

55.    Defendant fails to provide wage statements accurately showing, among other items, gross wages, total hours worked, number of piece-rate units earned, all applicable piece and/or hourly rates, and net wages earned.  Defendant's failure to provide this information has been knowing and intentional and has injured the Class Members because they must bring this action to obtain correct wage information and the correct designation of who is responsible as an employer for their working conditions and pay.

56.    Defendant fails, upon termination of employment, to pay Plaintiffs and putative Class Members all accrued compensation including, among others, repayment of all unlawful deductions from wages; reimbursement of expenses; payment of overtime compensation; wages owed to Plaintiffs and putative Class Members for performing various unpaid common tasks; and premium wages for missed and noncompliant meal and rest periods.

57.    Defendant knew or should have known that Plaintiffs and putative Class Members were Defendant's employees under California law; were entitled to be paid minimum wage, straight time and overtime; to be provided with off-duty meal periods and authorized and permitted off-duty rest periods; and to be reimbursed for all work-related expenditures or losses incurred by Class Members in direct consequence of their work for Defendant, among the other benefits and privileges to which employees are entitled under the California Labor Code and Wage Order No. 4. Nonetheless, Defendant continues to maintain a business model premised on an unlawful independent contractor designation that results in the denial of these important protections.

58.    Defendant's unlawful conduct has been widespread, repeated, and consistent throughout California.

59.    Defendant knows or should know that its policies and practices are unlawful and unfair.

60.    Defendant's conduct is willful, carried out in bad faith, and has caused significant damages to employees misclassified as independent contractors, in an amount to be determined at trial.

61.    On information and belief, Collective and Class Members perform their jobs under Defendant's supervision using materials and technology approved and supplied by Defendant (other than their personal cell phones).

62.    On information and belief, Collective and Class Members are required to follow and abide by Defendant's common work, time, and pay policies and procedures in the performance of their jobs.

63.    On information and belief, at the end of each pay period, Collective and Class Members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

64.    On information and belief, Defendant's method of paying Plaintiffs, Collective and Class Members is willful and not based on a good faith and reasonable belief that their conduct complied with Federal, and California law.

65.    On information and belief, Defendant's unlawful conduct has been widespread, repeated, and consistent throughout Defendant's job sites throughout the United States.

66.    Defendant knows or should know that their policies and practices are unlawful and unfair.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

67.    Plaintiff Victor Hernandez bring the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated employees defined as:

> **All current and former Installers for Backyard Products LLC ("Backyard Products") throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action. (the "Collective")**

68.    Plaintiff Victor Hernandez, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from Defendant's records,

1    and potential opt-ins may be easily and quickly notified of the pendency of this action.

2    69.    Plaintiffs' claims for violations of the FLSA may be brought and maintained as an

3    "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiffs' FLSA claims are

4    similar to the claims of the members of the Collective.

5    70.    The members of the Collective are similarly situated, as they have substantially

6    similar job duties and requirements and are subject to a common policy, practice, or plan that

7    requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

8    71.    Plaintiff Victor Hernandez is a representative of the members of the Collective and is

9    acting on behalf of their interests as well as his own interest in bringing this action.

10    72.    Plaintiff Victor Hernandez will fairly and adequately represent and protect the

11    interests of the members of the Collective.  Plaintiff has retained counsel competent and experienced

12    in employment and wage and hour class action and collective action litigation.

13    73.    The similarly situated members of the Collective are known to Defendant, are readily

14    identifiable, and may be located through Defendant's records.  These similarly situated employees

15    may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. §

16    216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime

17    compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under

18    the FLSA.

19    74.    Plaintiffs contemplates providing a notice or notices to all of the employees, as

20    approved by the Court, to be delivered via United States Mail and other means. The notice or notices

21    shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in"

22    to the FLSA Action if they so request by the date specified within the notice, and that any judgment

23    on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective

24    members who timely request inclusion in the class.

25    **RULE 23 CLASS ACTION ALLEGATIONS**

26    75.    Plaintiff Victor Hernandez brings causes of action as a class action on behalf of

27    himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

28    76.    The Class that Plaintiff seeks to represent is defined as follows:

1
2
3

**All current and former Installers for Backyard Products LLC ("Backyard Products") in the State of California while classified as independent contractors by Backyard Products, at any time from four years prior to the filing of the original complaint in this action until the resolution of this action.**

4        77.    This action has been brought and may properly be maintained as a class action

5    because there is a well-defined community of interest in the litigation and the proposed class is

6    easily ascertainable.

7            a.  **Numerosity**:  The potential members of the putative Class as defined are so

8                numerous that joinder of all the members of the putative Class is impracticable.

9            b.  **Commonality**:  There are questions of law and fact common to Plaintiffs and the

10               putative Class that predominate over any questions affecting only individual

11               members of the putative Class.  These common questions of law and fact include,

12               but are not limited to:

13               i.   Whether  putative  Class  members  are  independent  contractors  or

14                    employees under the applicable law;

15               ii.  Whether Defendant fails to compensate putative Class Members for all

16                    hours worked, including minimum wages and overtime compensation, in

17                    violation of the Cal. Lab. Code and Wage Order 4;

18               iii. Whether Defendant fails to make available and/or provide putative Class

19                    Members  with  compliant  meal  periods  to  which  they  are  entitled  in

20                    violation of Cal. Lab. Code and Wage Order 4;

21               iv.  Whether Defendant fails to authorize and permit, make available, and/or

22                    provide putative Class Members with compliant rest periods to which they

23                    are entitled in violation of Cal. Lab. Code and Wage Order 4;

24               v.   Whether Defendant fails to fully reimburse putative Class Members for

25                    all  necessary  business  expenses  made  for  the  benefit  of  Defendant,  in

26                    violation of the Cal. Lab. Code and Wage Order 4;

27               vi.  Whether Defendant fails to provide putative Class Members with timely,

28                    accurate itemized wage statements in violation of the Cal. Lab. Code and

15

Wage Order 4;

vii.  Whether Defendant fails to pay to putative Class Members with all wages owed upon separation of employment in violation of the Cal. Lab. Code and Wage Order 4;

viii. Whether Defendant violates Business and Professions Code §§ 17200 *et seq.*, by:

(a) failing to compensate putative Class Members for all hours worked, including at minimum wages and overtime compensation;

(b) failing to authorize and permit, make available, and/or provide putative Class Members compliant meal and rest periods to which they are entitled;

(c) failing to provide putative Class Members with timely, accurate itemized wage statements;

(d) failing to reimburse putative Class Members for all necessary business expenses made for the benefit of Defendant; and

(e) failing to provide putative Class Members with all wages owed upon separation of employment.

b.  **Typicality:** Plaintiffs' claims are typical of the claims of the putative Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiffs and putative Class Members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

c.  **Adequacy of Representation:** Plaintiff Victor Hernandez is a member of the putative Class, does not have any conflicts of interest with other putative Class Members, and will prosecute the case vigorously on behalf of the putative Class. Counsel representing Plaintiffs is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

d. **Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed putative Class Members is not practicable, and questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

78.    In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the putative Class, which would establish incompatible standards of conduct for Defendant.

79.    If each individual putative Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

80.    Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime**

**Pursuant to 29 U.S.C. §§ 201, et seq.**

**(Plaintiffs and on Behalf of the Collective)**

81.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

82.    The FLSA requires that covered employees receive compensation for all hours

worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

83.     At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

84.     Defendant is a covered employer required to comply with the FLSA's mandates.

85.     Defendant has violated the FLSA with respect to Plaintiffs and the Collective, by, inter alia, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work. See 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendant also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

86.     Plaintiffs and the Collective are victims of a uniform and company-wide misclassification scheme and compensation policy that has been applied to current and former non-exempt employees of Defendant working throughout the United States.

87.     Plaintiffs and the Collective are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

88.     Defendant acts neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

89.     As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiffs and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

90.     Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

/ / /

**SECOND CAUSE OF ACTION**

**Willful Misclassification of Employees as Independent Contractors**

**(On Behalf of Plaintiffs and Putative Class Against Defendant)**

91.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

92.    Labor Code § 226.8 prohibits Defendant from misclassifying employees as independent contractors.

93.    IWC Wage Order 4, Section (2)(F) provides: "'Employee' means any person employed by an employer."

94.    At all relevant times, Plaintiffs and putative Class Members have been and are "employees" of Defendant within the meaning of California law.

95.    The IWC Wage Order 4, Section (2)(G) provides: "'Employer' means any person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person."

96.    At all relevant times, Backyard Products has been and continues to be an "employer" within the meaning of the Labor Code and applicable Wage Order.

97.    Under AB 5, Defendant as the hiring entity must establish all of the following conditions: (i) Plaintiffs and putative Class Members are free from the control and direction of Defendant in connection with the performance of the work, both under the contract for the performance of the work and in fact; (ii) Plaintiffs and putative Class Members perform work that is outside the usual course of the hiring entity's business; and (iii) Plaintiffs and putative Class Members are customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed.

98.    Defendant cannot establish all the above conditions. Plaintiff and putative Class Members are not free from the control and direction of Defendant in connection with the performance of the work, both under the contract for the performance of the work and in fact. Plaintiffs and Class members do not perform work that is outside the usual course of the hiring entity's business. Plaintiffs and Class members are not customarily engaged in an independently

established trade, occupation, or business of the same nature as that involved in the work performed.

99.    Defendant engaged in a pattern and practice of misclassifying employees as independent contractors for its own financial benefit.

100.    Defendant intentionally and willfully mischaracterized Plaintiffs and Class members as independent contractors rather than employees, in violation of Labor Code § 226.8.

101.    As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiffs and Class members are entitled to recover damages in an amount to be determined at trial and civil penalties, plus interest thereon, and attorneys' fees and costs pursuant to Labor Code § 226.8.

102.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages for All Hours Worked

### Pursuant to Cal. Lab. Code §§ 1182.12, 1194, 1197, 1197.1, and 1198

### (On Behalf of Plaintiffs and Putative Class Against Defendant)

103.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

104.    During the applicable statutory period, Cal. Lab. Code §§ 1182.12, 1194, and 1197, 1197.1, 1198 and IWC Wage Order No. 4-2001 were in full force and effect, and required that Defendant's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis,; at the rate of fourteen dollars ($14.00) per hour commencing January 1, 2021; at the rate of fifteen dollars ($15.00) commencing January 1, 2022; at the rate of fifteen dollars and fifty cents ($15.50) commencing January 1, 2023; and at the rate of sixteen dollars ($16.00) commencing January 1, 2024.

105.    Cal. Lab. Code § 1197.1 provides, in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed,

one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

106.    Cal. Lab. Code §1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

107.    Wage Order 4 defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

108.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

109.    Cal. Lab. Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

110.    Defendant willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiffs and putative Class Members for all hours worked, including minimum wage, or spent in Defendant's control.

111.    Plaintiffs and putative Class Members are denied minimum wage compensation, which they are lawfully owed pursuant to Cal. Lab. Code § 1182.12.

112.    Defendant fails to track Plaintiffs and putative Class Members' actual hours worked, and consequently fails to pay Plaintiffs and putative Class Members for all hours worked, including

21

minimum wage. In violation of California law, Defendant knowingly and willfully refuses to perform their obligations to provide Plaintiffs and putative Class Members with at least minimum wage compensation for all time worked.

113.    Therefore, Defendant has committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiffs and putative Class Members' rights. Plaintiffs and putative Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

114.    Defendant has maintained policies and procedures which create a working environment where employees are routinely compensated at a rate that is less than the statutory minimum wage.

115.    As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiffs and putative Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2, and 1197.1.

116.    Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

### **FOURTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**Pursuant to Cal. Lab. Code §§ 510, 515.5, and 1194(a)**

**(On Behalf of Plaintiffs and Putative Class Against Defendant)**

117.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

118.    Defendant does not compensate Plaintiffs and putative Class Members at the appropriate overtime rate, as required by California law.

119.    Cal. Lab. Code § 510 provides, in pertinent part, that:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay

for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

120.    The IWC Wage Order 4 states:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

121.    Cal. Lab. Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

122.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

123.    Plaintiffs and putative Class Members work overtime hours for Defendant without being paid overtime premiums, or when paid overtime premiums not being paid at the appropriate rate in violation of the Cal. Lab. Code, the applicable IWC Wage Order, and other applicable law.

124.    Defendant knowingly and willfully refuses to perform their obligation to provide Plaintiffs and putative Class Members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendant damaged Plaintiffs and putative Class Members in amounts to be determined according to proof at time of trial.

125. Defendant is liable to Plaintiffs and putative Class Members alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

126. Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**

**Failure to Provide and/or Make Available Meal Periods**

**Pursuant to Cal. Lab. Code §§ 226.7 and 512**

**(On Behalf of Plaintiffs and Putative Class Against Defendant)**

127. Plaintiffs reallege and incorporate the foregoing paragraphs at though fully set forth herein.

128. Defendant routinely fails to provide or make available compliant meal periods to Plaintiffs and putative Class Members.

129. Defendant does not provide the Class members with meal periods during which they are completely relieved of duty for at least 30 minutes by the fifth hour of work and again by the tenth hour of work. To the contrary, Defendant requires Class Members to adhere to strict schedules and work obligations that do not build in sufficient time to be relieved of duty for 30-minute meal periods at regular intervals throughout the workday Further, Plaintiffs and Class Members do not receive the requisite premium pay for their non-compliant meal breaks as required by California law.

130. Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Order require Defendant to provide or make available meal periods to its employees. Cal. Lab. Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty (30) minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes.

131. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Order 4.

132.    Under Cal. Lab. Code § 226.7(b) and the applicable Wage Order, an employer who fails to provide or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided or made available.

133.    Despite these requirements, Defendant has knowingly and willfully refused to perform their obligation to provide or make available to Plaintiffs and putative Class Members the ability to take the off-duty meal periods to which they are entitled.

134.    Defendant has also failed to properly pay Plaintiffs and putative Class Members one (1) hour of pay for each day an off-duty second meal period was denied. Defendant's conduct described herein violates Cal. Lab. Code §§ 226.7 and 512. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiffs and putative Class Members are entitled to compensation for the failure to provide or make available meal periods and second meal periods, plus interest, attorneys' fees, expenses and costs of suit.

135.    As a proximate result of the aforementioned violations, Plaintiffs and putative Class Members have been damaged in an amount according to proof at time of trial.

136.    Wherefore, Plaintiffs and putative Class Members request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

### Failure to Authorize and Permit and/or Make Available Rest Periods

### Pursuant to Cal. Lab. Code §§ 226.7

### (On Behalf of Plaintiffs and the Putative Class Against Defendant)

137.    Plaintiffs reallege and incorporates the foregoing paragraphs as though fully set forth herein.

138.    Cal. Lab. Code §§ 226.7 and the applicable Wage Order require employers to authorize and permit non-exempt workers to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay non-exempt workers their full wages during those rest periods. Unless the employee is relieved of all duty during the ten-minute rest period, the employee is considered "on duty" and the rest period is counted as time worked under the applicable Wage

1    Orders.

2    139.    Under Cal. Lab. Code § 226.7(b) an employer must pay an employee denied a

3    required rest period is required to pay one hour of pay at the employee's regular rate of compensation

4    for each workday that the rest period was not authorized and permitted and/or not made available.

5    140.    Despite these requirements, Defendant knowingly and willfully refuses to perform its

6    obligations to authorize and permit and/or make available to Plaintiffs and Class Members their rest

7    periods.

8    141.    Plaintiffs and Class Members also do not receive premium pay for their missed rest

9    breaks as required by California law.

10    142.    Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiffs and Class Members are

11    entitled to compensation for the failure to authorize and permit and/or make available rest periods,

12    plus interest, attorneys' fees, expenses, and costs of suit.

13    143.    As a proximate result of the aforementioned violations, Plaintiff and Class Members

14    have been damaged in an amount according to proof at time of trial.

15    144.    Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

16    <u>**SEVENTH CAUSE OF ACTION**</u>

17    **Failure to Reimburse for Necessary Business Expenses**

18    **Pursuant to Labor Code § 2802**

19    **(On Behalf of Plaintiffs and Putative Class Against Defendant)**

20    145.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

21    herein.

22    146.    Labor Code § 2802 provides, in relevant part:

23    An employer shall indemnify his or her employee for all necessary
expenditures or losses incurred by the employee in direct consequence of the discharge
24    of his or her duties, or of his or her obedience to the directions of the employer, even
though unlawful, unless the employee, at the time of obeying the directions, believed
25    them to be unlawful. … For the purposes of this section, the term "necessary
expenditures or losses" shall include all reasonable costs, including, but not limited to,
26    attorney's fees incurred by the employee enforcing the rights granted by this section.

27

28    / / /

147.     During the applicable statutory period, Plaintiffs and the putative Class Members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and in obedience to the directions of Defendant, for which Defendant did not reimburse Plaintiffs and putative Class Members, including but not limited to: (1) fuel in connection with their operation of the vehicles used to perform the deliveries; and (2) Use of a cell phone to access Defendant's proprietary mobile application required for assignments, and to allow Defendant and its customers to communicate with the Class Members for work purposes.

148.     Defendant is liable to Plaintiffs and Class members for the unreimbursed expenses and penalties, with interest thereon.

149.     As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial. Plaintiffs and the Class are also entitled to recover penalties, interest, attorneys' fees, expenses, costs of suit, and/or other relief pursuant to statute.

150.     Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

### EIGHT CAUSE OF ACTION

**Failure to Keep Accurate Payroll Records**

**Pursuant to Cal. Lab. Code §§ 1174 & 1174.5**

**(On Behalf of Plaintiffs and Putative Class Against Defendant)**

151.     Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

152.     California Labor Code §1174 requires Defendant to maintain payroll records showing the actual hours worked daily by Plaintiffs and the Class members.

153.     Defendant knowingly, intentionally, and willfully has failed to maintain payroll records showing the actual hours worked by Plaintiffs and the putative Class Members as required by California Labor Code §1174 and in violation of §1174.5.  As a direct result of Defendant's failure to maintain payroll records, Plaintiffs and the putative Class Members have suffered actual economic harm as they have been precluded from accurately monitoring the number of hours they have worked and thus seeking all accrued minimum wages, agreed upon wages, and overtime pay.

1  As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiffs and

2  the putative Class Members are entitled to recover damages and civil penalties in an amount to be

3  determined at trial, plus interest, attorneys' fees, and costs of suit.

4  ## NINTH CAUSE OF ACTION

5  **Failure to Provide Accurate Itemized Wage Statements**

6  **Pursuant to Cal. Lab. Code §§ 226, 226.3, and 226.6**

7  **(On Behalf of Plaintiffs and Putative Class Against Defendant)**

8  154.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth

9  herein.

10  155.    Defendant does not provide Plaintiffs and putative Class Members with accurate

11  itemized wage statements as required by California law.

12  156.    Cal. Lab. Code § 226(a) provides that:

13  Every employer shall, semimonthly or at the time of each payment of wages, furnish
   each of his or her employees, either as a detachable part of the check, draft, or voucher
14  paying the employee's wages, or separately when wages are paid by personal check
   or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2)
15  total hours worked by the employee, except for any employee whose compensation is
   solely based on a salary and who is exempt from payment of overtime under
16  subdivision (a) of Section 515 or any applicable order of the Industrial Welfare
   Commission, (3) the number of piece-rate units earned and any applicable piece rate
17  if the employee is paid on a piece-rate basis, (4) all deductions, provided that all
   deductions made on written orders of the employee may be aggregated and shown as
18  one item, (5) net wages earned, (6) the inclusive dates of the period for which the
19  employee is paid, (7) the name of the employee and his or her social security number,
   (8) the name and address of the legal entity that is the employer, and (9) all applicable
20  hourly rates in effect during the pay period and the corresponding number of hours
   worked at each hourly rate by the employee. The deductions made from payments of
21  wages shall be recorded in ink or other indelible form, properly dated, showing the
22  month, day, and year, and a copy of the statement or a record of the deductions shall
   be kept on file by the employer for at least four years at the place of employment or at
23  a central location within the State of California.

24
25  157.    The IWC Wage Order also establishes this requirement. (*See* IWC Wage Orders 4)

26  158.    Cal. Lab. Code § 226.3 provides, in relevant part:

27  Any employer who violates subdivision (a) of Section 226 shall be subject to a civil
   penalty in the amount of two hundred fifty dollars ($250) per employee per violation
28  in an initial citation and one thousand dollars ($1,000) per employee for each violation
   in a subsequent citation, for which the employer fails to provide the employee a wage

deduction statement or fails to keep the records required in subdivision (a) of Section 226.

159.    Cal. Lab. Code 226.6 provides, in relevant part:

Any employer who knowingly and intentionally violates the provisions of Section 226, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.

160.    Cal. Lab. Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

161.    Defendant does not provide timely, accurate itemized wage statements to Plaintiffs and putative Class Members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendant provides their employees, including Plaintiffs and putative Class Members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime, and meal/rest period premium payments, and the resulting violations described herein.

162.    Defendants are liable to Plaintiffs and the putative Class Members for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

163.    Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

/ / /

/ / /

/ / /

/ / /

/ / /

**TENTH CAUSE OF ACTION**

**Waiting Time Penalties**

**Pursuant to Cal. Lab. Code §§ 201-203**

**(On Behalf of Plaintiffs and Putative Class Against Defendant)**

164.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

165.    Defendant does not provide putative Class Members with their wages when due under California law after their employment with Defendant ends.

166.    Cal. Lab. Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

167.    Cal. Lab. Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or him wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

168.    Cal. Lab. Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

169.    Plaintiffs and some of the putative Class members left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from unpaid overtime wages, meal/rest period premiums, and business reimbursements.

170.    Defendant willfully refuse and continue to refuse to pay Plaintiffs and putative Class members all minimum and overtime wages due at the correct regular rate of pay upon the end of their employment. As a result of Defendant's actions, Plaintiffs and putative Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

171.    Defendant's willful failure to pay Plaintiffs and putative Class Members the wages

1   due and owing them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendant is

2   liable to Plaintiffs and proposed Class Members for all penalties owing pursuant to Cal. Lab. Code

3   §§ 201-203.

4         172.    In addition, Cal. Lab. Code § 203 provides that an employee's wages will continue as

5   a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiffs and putative

6   Class Members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

7         173.    Wherefore, Plaintiffs and putative Class members request relief as hereinafter

8   provided.

9                          **ELEVENTH CAUSE OF ACTION**

10                   **Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.***

11               **(On Behalf of Plaintiffs and Putative Class Against Defendant)**

12        174.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth

13  herein.

14        175.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or

15  fraudulent business acts or practices.

16        176.    Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts

17  or practices to prosecute a civil action for violation of the UCL.

18        177.    Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously

19  enforce minimum labor standards in order to ensure employees are not required to work under

20  substandard and unlawful conditions, and to protect employers who comply with the law from those

21  who attempt to gain competitive advantage at the expense of their workers by failing to comply with

22  minimum labor standards.

23        178.    Beginning at an exact date unknown to Plaintiffs, but at least since the date four years

24  prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by

25  the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described

26  in this Complaint, including, but not limited to:

27              a.   violations of Cal. Lab. Code §§ 225.5, 1182.12, 1194, 1997, 1197.1, 1198 and

28                   IWC Wage Order 4-2001 pertaining to payment of wages, including minimum

wage, for all hours worked;

    b.  violations of Cal. Lab. Code § 510 and IWC Wage Order 4-2001 pertaining to overtime;

    c.  violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Order 4-2001 pertaining to meal and rest breaks;

    d.  violation of Cal. Lab. Code § 2802 and Wage Order 4-2001 pertaining to reimbursement of necessary business expenses;

    e.  violation of Cal. Lab. Code §§ 226, 226.3, 226.6 and Wage Order 4-2001 pertaining to timely, accurate and itemized wage statements; and

    f.  violation of Cal. Lab. Code §§ 201-203 pertaining to the payment of all wages owed upon separation of employment.

179.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

180.    The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq.* Among other things, the acts and practices have taken from Plaintiffs and the putative Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

181.    Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

182.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and putative Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

183.    Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and putative Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code

§ 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff Victor Hernandez sues on behalf of himself as well as others similarly situated.  Plaintiffs and putative Class Members seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

184.    Plaintiff Victor Hernandez herein takes upon himself enforcement of these laws and lawful claims.

185.    There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff Victor Hernandez by forcing him to pay attorneys' fees from any recovery thereof.  Attorneys' fees are appropriate pursuant to Cal. Code Civ. Procedure § 1021.5 and otherwise.

186.    Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for relief as follows:

a.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, Cal. Lab. Code, and Cal. Bus. & Prof. Code;

b.    An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

c.    An order finding that Defendant violated the FLSA;

d.    An order finding Defendant violated the FLSA willfully;

e.    All unpaid wages due under the FLSA;

f.    An equal amount as liquidated damages as allowed under the FLSA;

g.    An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

h.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

i.    For an order awarding Plaintiffs, Collective, and Class Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee

1    benefits, restitution, recovery of all money, actual damages, and all other sums of
2    money owed to Plaintiffs, Collective, and Class Members, together with interest on
3    these amounts, according to proof;

4    j.    All attorneys' fees, costs, and disbursements as provided by FLSA, and California
5    laws;

6    k.    For all costs of suit;

7    l.    For interest as provided by applicable law; and

8    m.    For such other and further relief as this Court deems just and proper.

9

10    Dated: August 26, 2024                    Respectfully Submitted,

11

12

13    Carolyn H. Cottrell
Ori Edelstein
14    Robert E. Morelli, III*
**SCHNEIDER WALLACE**
15    **COTTRELL KONECKY LLP**

16    *Attorneys for Plaintiff and the putative Class*
*\*Admission pro hac vice anticipated*

17    ///
18    ///
19    ///
20    ///
21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///
28    ///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Hernandez, Victor v. Backyard Products LLC*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

Dated: August 26, 2024                    Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Robert E. Morelli, III*
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*Admission pro hac vice anticipated*

*Attorneys for Plaintiffs and the putative Class*

35